[Civ. No. 22551. Fourth Dist., Div. One. Dec. 11, 1980.]

JOHN A. KNOWLTON, Plaintiff and Appellant, v.
PACIFIC SOUTHWEST AIRLINES et al.,
Defendants and Respondents.

COUNSEL

Furth, Fahrner, Bluemle, Mason & Wong, Frederick P. Furth, Daniel S. Mason, Amelia R. Motroni and Matthew A. Joseph for Plaintiff and Appellant.

Kern, Wooley & Maloney, Kern & Wooley and Ralph S. LaMontagne, Jr., for Defendants and Respondents.

OPINION

**BROWN (Gerald), P. J.**—██ John Knowlton's employee was killed in the Pacific Southwest Airlines (PSA) crash on September 25, 1978. Knowlton sued PSA for damages under Civil Code section 49, subdivision (c), which forbids injury to another's servant. The superior court dismissed the suit because Knowlton was not an heir under Code of Civil Procedure section 377. Knowlton appeals the judgment.

Civil Code section 49, subdivision (c), codifies the common law rule allowing the master to recover for the loss of a servant's services while the servant is alive (*Fifield Manor v. Finston* (1960) 54 Cal.2d 632, 636 [354 P.2d 1073, 78 A.L.R.2d 813]). There is no common law cause of action if the servant dies; the master's right to services ends when the servant dies (*Farnon v. Cole* (1968) 259 Cal.App.2d 855, 858 [66 Cal. Rptr. 673]).

The California Supreme Court has recently recognized the cause of action under Civil Code section 49, subdivision (c), for the loss of a servant's services is "obsolete, archaic" and "outmoded" (*Offshore Rental Co. v. Continental Oil Co.* (1978) 22 Cal.3d 157, 168 [148 Cal.Rptr. 867, 583 P.2d 721]).

To bring an action for the wrongful death of another, one must sue under Code of Civil Procedure section 377 (*Steed* v. *Imperial Airlines* (1974) 12 Cal.3d 115, 119 [115 Cal.Rptr. 329, 524 P.2d 801, 68 A.L.R.3d 1204]). Only that section creates the right of action, and it limits recovery to the heirs of the decedent. Because Knowlton is not an heir under section 377, he has no cause of action for the wrongful death of his employee.

Judgment affirmed.

Cologne, J., and Work, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied February 18, 1981.